UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) | No. 19-cr-10082-DPW |
| XIAONING SUI <br>         Defendant | ) ) ) ) ) ) | |

**JOINT MOTION TO CONDUCT SENTENCING BY VIDEO CONFERENCING**

     The parties, by and through their respective counsel, hereby respectfully request this Honorable Court, pursuant to United States District Court for the District of Massachusetts General Order 20-12, to conduct the May 18, 2020 sentencing hearing by video teleconference.

     As grounds and reasons therefor, the parties respectfully submit that that it is unlikely that the COVID-19 pandemic and the related travel bans will end prior to the May 18, 2020 sentencing date, or that Ms. Sui, a Canadian resident, will be able to travel internationally from Canada to the District of Massachusetts and then be able to return to Canada without the risk of being quarantined. *See* Public Health Agency of Canada, GOVERNMENT OF CANADA CANADA.CA (2020), https://www.canada.ca/en/public-health/services/diseases/2019-novel-coronavirus-infection/latest-travel-health-advice.html#a3 (last visited Apr 9, 2020) (requiring quarantine of individuals traveling from the United States).  Pursuant to General Order 20-12, Chief Judge Saylor authorized this Honorable Court to conduct sentencing hearings via video teleconference for a period of 90 days based on the finding that "felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in the District of

Massachusetts without seriously jeopardizing public health and safety." The parties respectfully submit there is no reason to delay the sentencing in this case. Furthermore, allowing the sentencing to proceed via video conference will obviate the difficulties of arranging international travel, including special parole, during this difficult time and in the immediate aftermath of the pandemic. Courts have widely adopted the use of video conferencing for sentencing proceedings in related cases, *see United States v. Sidoo et. al.*, 19-cr-10080-NMG, Dkt. 1004, and other cases in the District of Massachusetts, *see e.g., United States v. Sanchez Bernabe*, 19-cr-10151- LTS, Dkt. 47; *United States v. Santilit,* 20-cr-10038-IT, Dkt. 29. Finally, such a proceeding would be consented to by the defendant.

      **WHEREFORE**, the parties respectfully request the instant motion be allowed.

| | |
|---|---|
| Respectfully submitted,<br>XIAONING SUI | Respectfully submitted,<br>ANDREW E. LELLING<br>United States Attorney |
| By: */s/ Martin G. Weinberg*<br>    Martin G. Weinberg<br>    Mass. Bar No. 519480<br>    20 Park Plaza, Suite 1000<br>    Boston, MA 02116<br>    (617) 227-3700<br>    owlmgw@att.net | By: */s/ Eric S. Rosen*<br>    Eric S. Rosen<br>    Assistant United States Attorney<br>    United States Attorney's Office<br>    John J. Moakley U.S. Courthouse<br>    1 Courthouse Way, Suite 9200<br>    Boston, MA 02210 |

Dated: April 13, 2020

## **CERTIFICATE OF SERVICE**

    I, Martin G. Weinberg, hereby certify that on this date, April 13, 2020, a copy of the foregoing documents has been served, via ECF, upon Assistant U.S. Attorney Eric Rosen.

                                           **/s/ Martin G. Weinberg**
                                           Martin G. Weinberg